ACCEPTED
14-14-00860-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/22/2015 11:03:57 PM
CHRISTOPHER PRINE
CLERK

14-1400860-CV

No.14-11-00977-CV

_____

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT

HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/22/2015 11:03:57 PM
CHRISTOPHER A. PRINE
Clerk

_____

DEBRA JENNINGS, ESQ. AND DEBRA JENNINGS, P.L.L.C.
Appellant

V.

AMERICAN ASSET

Appellee

_____

On Appeal from the County Civil Court at Law No. Four

Harris County, Texas; Cause No. 1030758

_____

RESPONSE TO

MOTION TO DISMISS

_____

LAW OFFICE OF DEBRA V. JENNINGS
Debra V. Jennings
lawyerdvj@yahoo.com
State Bar No. 10631850
6140 HWY 6, # 269
Missouri City, Texas 77459
Telephone: (832) 230-4455
Facsimile: (1832) 442-3700

TO THE HONORABLE COURT OF APPEALS:

NOW COMES Appellant, Debra Jennings, and submits this response in opposition to Appellee's Motion to Dismiss and in support will show:

## 1. THE MOTION TO DISMISS FAILS BECAUSE IT IS NOT IN THE PROPER FORM

### A. THE MOTION DOES NOT CONTAIN A CERTIFICATE OF CONFERENCE AS REQUIRED BY TEXAS RULE OF APPELLATE PROCEDURE

Texas Rule of Appellate Procedure 10.1(a)(5) states that a motion filed "must" contain:

(5) in civil cases, except for motions for rehearing and en banc reconsideration, **contain or be accompanied by a certificate stating that the filing party conferred, or made a reasonable attempt to confer**, with all other parties about the merits of the motion and whether those parties oppose the motion.

Tex. R. App. P. 10.1(a)(5) (emphasis added). A close examination of the motion to dismiss (Exhibit "A") reveals that it contains no such certificate. The motion should be denied and appellee should, at a minimum be required to re-file the motion with a correct certificate of conference.

### B. THE MOTION DOES NOT ATTACH EXHIBITS OR AFFIDAVITS AS STATED IN THE MOTION.

Appellees motion to dismiss (a significant and dispositive request) reads in its entirety as follows:

> Appellee, American Asset Finance, L.L.C., files this motion to dismiss and in support says as follows:
>
> 1. This appeal is untimely. The foreign Judgment at issue on this appeal became final when filed in Texas on April 22, 2013. Appellant had 30 days from that date to contest the Judgment and failed to do so.
>
> 2. The appeal of the trial court's Order Appointing Receiver dated September 17, 2014, is also untimely. Appellant had 20 days from the date of this Order to appeal and failed to do so.
>
> 3. This appeal should be dismissed because it is unsupported by any record evidence.
>
>     WHEREFORE, Appellee requests that the court dismiss this appeal. Appellee will rely on the attached Brief and Affidavit with Exhibits.

*See* MOTION TO DISMISS (Exhibit "A). As one can see, there is no substantive argument and only three (3) conclusory headings. The final sentence of the Motion to Dismiss reads: "Appellee will rely on the attached Brief and Affidavit with Exhibits." *Id.*

Unfortunately, there is no attached brief, no attached affidavit, and no attached exhibits. By its own definition, the motion is deficient, because there is nothing attached to "rely" upon. The motion should be denied and appellee should, at a minimum be required to re-file the motion with the correct brief and affidavits.

**2. THE MOTION FAILS BECAUSE IT SEEKS RELIEF IDENTICAL TO THAT SOUGHT IN APELLEE'S RESPONSIVE BRIEF ON THE MERITS.**

Attached hereto as Exhibit B is "Appellee's Brief in Support of Motion to Dismiss Appeal" which was filed six (6) days before the "Motion to Dismiss." Although it appears to be a brief in support of the instant motion, it is not. It cannot be. It was filed 6 days before the motion to dismiss and on the day that the Appellee's Brief was due. It was not accompanied by any motion. *See* APPELLEE'S BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL (Exhibit "B"); *see also*, ORDER SETTING JUNE 12 BRIEF DEADLINE (Exhibit "C"). The June 12, filing is Appellee's brief on the merits. Not only was it filed on June 12, it was not accompanied by a motion. Moreover, the undersigned was informed today by the Court of Appeals deputy clerk that the June 12 filing has been lodged as "Appellee's Brief" and that the undersigned should treat it as such and file a reply brief before the expiration of 20 days from June 12th. *See* AFFIDAVIT OF DEBRA JENNINGS REGARDING CLERK CONFERENCE (Exhibit "D). The online case information page also confirms this by showing the June 12 filing under the heading of "Briefs," and not "Case Events". *See* 14TH COURT OF APPEALS ONLINE CASE INFORMATION PAGE (Exhibit "E"). Most importantly, this Court issued an order on June 12, acknowledging that "Appellee's

Brief" had been filed on that day and that the Reply Brief was due 20 days from June 12. *See* ORDER ON REPLY DATE (Exhibit "F").

A close examination of "Appellee's Brief in Support of Motion to Dismiss Appeal" shows that it makes (albeit with more complete discussion) the same exact arguments that are in the instant "motion." *Compare* APPELLEE'S BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL (Exhibit "B") *with* MOTION TO DISMISS (Exhibit "A").

Because the "motion" requests a complete disposition of the Appeal (dismissal) a full panel of judges will be required to rule on it. *See* Tex. R. App. P. 10.4 ("…in a civil case, a single justice should not do the following: … (2) dismiss or otherwise determine an appeal or a motion for rehearing."). Thus, it would be a waste of judicial resources to empanel 3 justices only to determine that the motion lacks proper form and exhibits, when the better drafted request on the same grounds has already been filed as a brief on the merits and is awaiting a reply brief and a 3 justice panel. Because the same arguments have been filed as a brief on the merits, denial of the instant motion on technical grounds will not prejudice Appellee. The same arguments will be heard when the court convenes on the merits. The motion should be denied as duplicative.

**3. THE COURT SHOULD ORDER APPELLANT TO RE-FILE HER BRIEF TO AVOID SUBSTANTIAL PROCEDURAL CONFUSION.**

**A. THE CLERKS RECORD IS INCOMPLETE.**

Attached as Exhibit "G" are pages 36 and 37 of the Clerk's Record filed in this case. As one can see, the affidavit beginning on page 36 is cut off and incomplete. CLERK'S RECORD SELECTED PAGES (Exhibit "G"). The actual affidavit has another page. *See* COMPLETE AFFIDAVIT (Exhibit "H"). This affidavit is one a crucial exhibit to appellant's brief that did not make it into the Clerk's Record. The undersigned has requested by letter that the Clerk below

supplement the record to include the complete affidavit and a number of other critical documents. *See* LETTER REQUESTING SUPPLEMENTATION OF CLERK'S RECORD (Exhibit "I").

## B. THE APPELLANT'S BRIEF IS IN NEED OF REVISION

Admittedly, Appellant's Brief was not well written. It was prepared in the midst of intense settlement negotiations and proceedings in the lower court. It needs to be amended and supplemented. The undersigned takes full responsibility. Appellant has asked by way motion for an extension for time in which to file her Reply Brief. In doing so appellant intends to supplement or amend the originally filed brief. *See* MOTION FOR EXTENSION TO FILE SUPPLEMENTAL REPLY BRIEF (Exhibit "J"). The rules allow such supplementation. Texas Rule of Appellate Procedure 38.7 states that "A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe." *See* Tex. R. App. P. 38.7. Rule 38.9 suggests that such corrections should be allowed and **the case should only be dismissed for briefing defects on the filing of a second defective brief**:

> **38.9. Briefing Rules to be Construed Liberally**
>
> Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient, subject to the following.
>
> (a) *Formal Defects*. If the court determines that this rule has been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. **If another brief that does not comply with this rule is filed, the court may strike the brief,** prohibit the party from filing another, and proceed as if the party had failed to file a brief.
>
> (b) *Substantive Defects*. If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.

Tex. R. App. P. 38.9 (emphasis added). A second chance is the rule. In *Berardinelli v. Pickels*, 05-12-01390-CV, 2014 WL 6560029 (Tex. App.—Dallas Oct. 23, 2014, no pet.) the Court stated:

**Berardinelli was given the opportunity to file an amended brief.** However, the amended brief fails to comply with the briefing requirements set out in Texas Rule of Appellate Procedure 38.1. *See* Tex. R. App. P. 38.1(g), (i); *Bolling,* 315 S.W.3d at 895–96. Accordingly, this Court is authorized to dismiss Berardinelli's appeal. *See* Tex. R. App. P. 42.3; *Bolling,* 315 S.W.3d at 895–96.

*Id.* at *3 (citing *Bolling v. Farmers Branch Indep. Sch. Dist*., 315 S.W.3d 893 (Tex. App.—Dallas 2010, no pet.)) (emphasis added).

Here, if the court were simply to direct the parties to start over, supplementing the record, and re-filing the briefs in proper form, the confusing process of amending and supplementing in the reply brief could be avoided.

## C. A SIGNIFICANT NUMBER OF OUTSTANDING PROCEDURAL MOTIONS ARE ON FILE

Currently, a number of outstanding motions clutter the non-brief docket of this case. Appellants have filed a motion to compel production of exhibits. *See* MOTION TO COMPEL EXHIBITS (Exhibit "K"). A ruling on such motion would be unnecessary if the Court were to order appellant to file a properly conforming Appellant's Brief.

Appellee has filed a motion requesting a **second extension for filing** of its appellee's brief. See SECOND MOTION FOR APPELLEE BRIEF EXTENSION (Exhibit "L"). The very existence of such motion suggests that appellees did not intend to file the "Brief in Support of Motion to Dismiss" as its brief on the merits. An examination of the brief shows that it does not argue the merits, but only the technical defects. *See* APPELLEE'S BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL (Exhibit "B"). A ruling on the second extension motion would be unnecessary if the Court were to order appellant to file a properly conforming Appellant's Brief.

As discuss previously, the appellant filed a motion for extension to file its reply brief. *See* MOTION FOR EXTENSION TO FILE SUPPLEMENTAL REPLY BRIEF (Exhibit "J"). Filing a reply

brief to correct errors in the original brief is a confusing way to correct such errors. The better way would be to order appellant to file a properly conforming Appellant's Brief.

Appellant has filed a motion for an extension of time to file this very response and was confused as to its due date. MOTION FOR TIME ON DISMISSAL RESPONSE (Exhibit "M"). *See also* AFFIDAVIT OF DEBRA JENNINGS REGARDING CLERK CONFERENCE (Exhibit "D"). All of these concerns are obviated if this Court were to order Appellant to file a properly conforming Appellant's Brief, restarting the schedule.

**D. A RE-FILED APPELLANT'S BRIEF WOULD RESOLVE THE OUTSTANDING ISSUES.**

As contemplated by the Texas Rules of Appellate Procedure, this Court is vested with the inherent power to "…postpone submission, require additional briefing, **and make any other order necessary for a satisfactory submission of the case."** Tex. R. App. P. 38.9(b) (emphasis added). As implied by the Rules of Appellate Procedure, it is not proper to dismiss the appeal for the defects which are argued in the motion to dismiss. Rather, the Court should order a re-filing of appellant's brief and, per *Berardinelli, supra*, only dismiss the case if a second defective brief is filed. Moreover, to order the re-filing of the appellant's brief, will obviate this Court's wasting resources. It will not have to issue rulings on the confusing morass of motions currently before the Court.

WHEREFORE, PREMISES CONSIDERED, APPELLANT PRAYS that this Court (1) deny Appellees' motion to dismiss; (2) order appellant to re-file its opening brief within 30 days of the date of the Court's order to re-file; and (3) deny all pending motions or place such motions in abeyance pending the re-filing of appellant's brief.

Respectfully submitted,

/s/ *Debra V. Jennings*

_____

Debra V. Jennings
lawyerdvj@yahoo.com
State Bar No. 10631850
6140 HWY 6, # 269
Missouri City, Texas 77459
Telephone (832) 230-4455
Facsimile: (1832) 442-3700
Attorney for Appellant

Of Counsel (legal writing and research only)
Stuart Starry
State Bar No. 19079050
35 Ruebens Road
Sandia Park, NM  87947

**CERTICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Response to Motion to Dismiss was served on June 22, 2015, to the following counsel of record:

Andrew Totz
State Bar No. 24004958
Totz Ellison & Totz, P.C.
2211 Norfolk, Suite 510
Houston, Texas 77098
Phone: 713-275-0305
Fax: 713-275-0306

# EXHIBIT A

ACCEPTED
14-14-00860-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/18/2015 11:28:22 AM
CHRISTOPHER PRINE
CLERK

NO. 14-14-00860-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/18/2015 11:28:22 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON, TEXAS

DEBRA V. JENNINGS, ESQ. and DEBRA V. JENNINGS, P.L.L.C.
Appellant

v.

AMERICAN ASSET FINANCE, L.L.C.
Appellee

ON APPEAL FROM THE COUNTY COURT
LAW NO. FOUR OF HARRIS COUNTY, TEXAS
TRIAL CAUSE NO. 1030758-401

## MOTION TO DISMISS

Appellee, American Asset Finance, L.L.C., files this motion to dismiss and in support says as follows:

1.      This appeal is untimely. The foreign Judgment at issue on this appeal became final when filed in Texas on April 22, 2013. Appellant had 30 days from that date to contest the Judgment and failed to do so.

2.      The appeal of the trial court's Order Appointing Receiver dated September 17, 2014, is also untimely. Appellant had 20 days from the date of this Order to appeal and failed to do so.

3.      This appeal should be dismissed because it is unsupported by any record evidence.

WHEREFORE, Appellee requests that the court dismiss this appeal. Appellee will rely on the attached Brief and Affidavit with Exhibits.

Respectfully submitted,

**TOTZ ELLISON & TOTZ, P.C.**

By: _____

**ANDREW B. TOTZ**
TBA # 24004958
2211 Norfolk, Suite 510
Houston, Texas 77098
Phone: 713-275-0305
Fax: 713-275-0306
Email: atotz@tetlegal.com

**ATTORNEYS FOR APPELLEE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above Motion to Dismiss with supporting brief and Affidavit with Exhibits was served on Appellants' through its counsel, via facsimile on the _18th_ day of June, 2015, as follows:

*Via Facsimile No. 1-832/442-3700*
Debra V. Jennings
Debra V. Jennings, P.L.L.C.
14090 Southwest Freeway, Suite 300
Sugar Land, TX 77478

_____
ANDREW B. TOTZ

# EXHIBIT B

ACCEPTED
14-14-00860-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/12/2015 3:08:13 PM
CHRISTOPHER PRINE
CLERK

NO. 14-14-00860-CV

IN THE COURT OF APPEALS
FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/12/2015 3:08:13 PM
CHRISTOPHER A. PRINE
Clerk

DEBRA JENNINGS ESQ. AND DEBRA JENNINGS, P.L.L.C
Appellant

v.

AMERICAN ASSET FINANCE, L.L.C.
Appellee

ON APPEAL FROM THE COUNTY COURT
LAW NO. FOUR OF HARRIS COUNTY, TEXAS
TRIAL CAUSE NO.1030758 and 1030758-401

**APPELLEE'S BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL**

**ANDREW B. TOTZ**
**TOTZ ELLISON & TOTZ, P.C.**
SBOT #24004958
2211 Norfolk, Suite 510
Houston, TX 77098
Phone: 713/275-0305
Fax: 713/275-0306

**ATTORNEYS FOR APPELLEE,**
**AMERICAN ASSET FINANCE, L.L.C.**

## IDENTITY OF PARTIES & COUNSEL

Appellee, American Asset Finance, LLC, represented by
Andrew B. Totz
Totz Ellison & Totz, P.C.
Texas Bar No. 24004958
2211 Norfolk, Suite 510
Houston, TX 77098
Phone: 713/275-0305
Fax: 713/275-0306


Appellant, Debra Jennings, Esq. and Debra Jennings, P.L.L.C., represented by
Debra V. Jennings
Texas Bar No. 10631850
6140 HWY 6, #269
Missouri City, Texas 77459
Phone: 832/230-4455
Fax: 1-832/442-3700

# TABLE OF CONTENTS

**The Appeal is Untimely.**

NO. 14-14-00860-CV

DEBRA JENNINGS, ESQ AND DEBRA JENNINGS, P.L.L.C.

Appellants

v.

AMERICAN ASSET FINANCE, L.L.C.

Appellee

---

## APPELLEE'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS APPEAL

Appellee, American Asset Finance, L.L.C., submits its Motion to Dismiss the Appeal. The appellee will be referred to as Appellee. Appellants, Debra Jennings, Esq. and Debra Jennings, P.L.L.C., will be referred to as Appellant. Because Appellee has not been provided with the record on appeal, it relies on the Affidavits of a Managing Member of Appellee and counsel and the attached exhibits.

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

The Notice of Appeal in this matter was filed on October 16, 2014. The appeal seeks to collaterally attack a Final Judgment that was initially entered in New Jersey on May 25, 2012. (Exhibit 1 to Affidavit of Timothy J. Foley, Esq.). The appeal further seeks to reverse the Texas trial court's Order Appointing a Receiver dated September 17, 2014. The appeal is untimely on both issues and should be dismissed.

Appellants first sought to vacate the Judgment in New Jersey three years after it was entered. The New Jersey court denied Appellants' application by Order dated April 13, 2015, stating among other things that the motion was "untimely." ( Exhibit 2 to Affidavit of Timothy J. Foley, Esq.).

On April 22, 2013, the New Jersey Judgment was filed with the Harris County Court in accordance with the Uniform Enforcement of Foreign Judgments Act (UEFJA), Tex.Civ.Prac.& Rem.Code Sec. 35.001-35.008 under Case No. 1030758. (Exhibit 3 to Affidavit of Timothy J. Foley, Esq.). On that date, the Judgment became a Final Judgment in Texas. Appellants, a lawyer and her law firm, had 30 days from that date to contest the Judgment. They did not. Accordingly, the appeal should be dismissed as untimely.

Once the Judgment became final in Texas, the Court closed that case. A new case was opened for post-judgment proceedings, Case No. 1030758-401. (Exhibit 1 to Affidavit of Andrew Totz, Esq.) After motions, hearings, discovery attempts and general obfuscation by Appellants, a Receiver was appointed by Order dated September 17, 2014. (Exhibit 1 to Affidavit of Andrew Totz, Esq.) Appellants had 20 days to appeal that Order but failed to do so. Accordingly, the appeal should be dismissed as untimely.

Appellants' Brief in support of their appeal lacks any citations to the record. The Appellate Rules require that any facts are to be supported by citations to the record. Likewise, any arguments are to be supported by record references. Appellants' Brief is unsubstantiated inadmissible hearsay and their appeal should be dismissed.

## SUMMARY OF THE ARGUMENT

The New Jersey Final Judgment against Appellants became enforceable as a Texas judgment on the date it was filed. <u>Walnut Equipment Leasing Company, Inc. v. Wen Lung Wu et al.</u>, 920 S.W.2d 285 (1996). That date was April 22, 2013. Appellants had 30 days from that date to file a motion to contest the judgment or appeal. <u>Malone v. Emmert Indus. Corp.</u>, 858 S.W.2d 547 (14th Dist Ct. of Appeals, Houston 1993). Tex. R. App. P. 26.1(a). Appellants failed to do so. This appeal was filed on October 16, 2014, a year and a half late. The appeal should be dismissed.

Any objections regarding technical defects in the filing of the judgment have been waived because they were not timely made. <u>Carter v. Cline,</u> Case No. 03-10-00855 (3d Dist.Ct.App. October 13, 2011) citing, <u>Tanner v. McCarthy,</u> 274 S.W.3d 311,316 (Tex.App.-Houston [14[th] Dist.] 2008, no pet.) and <u>Tri-Steel Structures, Inc. v. Hackman,</u> 883 S.W.2d 391, 395 (Tex.App.-Fort Worth 1994, writ denied).

On September 17, 2014, the court below entered an Order appointing a Receiver. That Order was to be appealed within 20 days of entry. <u>Sclafani v. Sclafani,</u> 870 S.W.2d 608 (1st Dist.Ct. App., Houston 1993). Appellant's appeal was not so filed and should be dismissed.

Finally, Appellants, an attorney and her law firm, have failed to include any record references in support of their factual and legal arguments in violation of this Court's rules. Accordingly, the appeal should be dismissed. <u>Berardinelli v. Pickels,</u> Case No. 05-12-01390 (5th

Dist.Ct.App. October 23, 2014) citing, Bolling v. Farmers Branch Independent School District , 315 S.W.3d 893, 896-7 (Tex. App.-Dallas 2010, no pet.).

## ARGUMENT AND AUTHORITIES

### 1. The Appeal is Untimely.

**a. The New Jersey Judgment became final when it was filed in Texas.**

In Walnut Equipment Leasing Company, Inc. v. Wen Lung Wu et al., 920 S.W.2d 285 (1996), the Texas Supreme Court made clear that when a foreign judgment is filed in accordance with the UEFJA, it becomes "enforceable as a Texas judgment on the date it was filed." Id. at . In the case at bar, that date was April 22, 2013. Once the foreign judgment was filed, the burden shifted to appellant to prove the judgment was not valid or final. Mitchim v. Mitchim, 518 S.W.2d 362,364 (Tex. 1975)("foreign judgment that appears valid and final makes prima facie case for party seeking to enforce it, and burden is on resisting party to prove judgment is not valid or final").

**b. Appellant had 30 days from the filing of the foreign judgment to contest its enforceability or to file an appeal.**

When the appellant has not filed in the trial court a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law, the notice of appeal must generally be filed within thirty days after the judgment or other appealable order is signed. Tex. R. App. P. 26.1(a). Without a timely filed notice of appeal, the appellate Court lacks jurisdiction. See Tex. R. App. P. 25.1(b); In re E.M.A., No. 05-11-00596-CV, 2011 WL 3672297, at *1 (Tex. App.-Dallas Aug. 23, 2011, no pet. h.) (per curiam) (mem. op.).). See also, Malone v. Emmert Indus. Corp., 858 S.W.2d 547 (14th Dist Ct.

of Appeals, Houston 1993) (Motion to contest enforcement of a final judgment must be made within 30 days of filing or court loses plenary jurisdiction.) Appellant at bar filed none of the motions that would lengthen their time to appeal. Accordingly, they had 30 days from the date the judgment was filed to appeal and failed to do so. This Court, therefore, lacks jurisdiction to hear this appeal.

### c. Appellant has waived any objections to an alleged technical defect in the filing of the judgment because she did not timely challenge the alleged procedural defect.

Appellant claims for the first time on appeal that the Affidavit of the Judgment creditor filed on April 22, 2013, did not contain the creditor's address. Appellant, an attorney, does not support this claim with any record evidence. Rather, Appellant makes reference to an exhibit that she failed to file with the Court or serve on Appellee. Aside from being procedurally deficient, Appellant's argument is also substantively deficient. Because Appellant did not raise that issue in the trial court, timely or otherwise, it is deemed waived. Carter v. Cline, Case No. 03-10-00855 (3d Dist.Ct.App. October 13, 2011) (technical defect of failure to file attorney affidavit with authenticated judgment was waived when not timely made) citing, Tanner v. McCarthy, 274 S.W.3d 311,316(Tex.App.-Houston [14th Dist.] 2008, no pet.) (failure to file Affidavit not a jurisdictional defect) and Tri-Steel Structures, Inc. v. Hackman, 883 S.W.2d 391, 395 (Tex.App.-Fort Worth 1994, writ denied)(failure to effectuate notice to debtor was technical violation of UEFJA that did not prejudice debtor where debtor had opportunity to assert defenses by timely-filed motion.). Appellant could have contested the alleged defect by a timely-filed motion but chose not to. Accordingly, her untimely objection is waived.

**d. Appellant has failed to appeal the Order Appointing Receiver within 20 days as required by law.**

Appellant attempts to appeal an order dated September 17, 2014, wherein the trial court appointed a Receiver. It is well settled, however, that an appeal from an Order appointing a Receiver must be filed within 20 days of the Order. Sclafani v. Sclafani, 870 S.W.2d 608 (1st Dist.Ct. App., Houston 1993) See also, CPRC 51.014 (1)(allowing interlocutory appeal of order appointing receiver); TRAP 28.1(a) (interlocutory appeals when allowed by statute are treated as accelerated appeals); TRAP 28.1(b)( accelerated appeal to be filed in accordance with 26.1(b)); and TRAP 26.1(b)(providing notice of appeal to be filed 20 days after order is signed). Appellant's Notice of Appeal was filed on October 16, 2014, more than 20 days after the Order was signed and the appeal, therefore, is untimely and should be dismissed.

**2.      The Appeal is Unsupported by Record References and Should be Dismissed.**

Appellant does not make one reference to the record in her entire Brief. Rather, she cites sporadically to two exhibits which she curiously labels Exhibit #1 and Exhibit #3. Even more curious, Appellant fails to provide these exhibits either to the court or to the Appellee. The Rules of Appellate Procedure are clear that factual statements and legal arguments must be supported by references to the record. TRAP 38.1(g) and 38.1(i). The Brief is also supposed to contain an Appendix (TRAP 38.1(k)), which Appellant's Brief lacks. The result is a Brief based on inadmissible hearsay, unsupported by any facts in the record or otherwise. In similar circumstances, the appellate court has dismissed the appeal. Berardinelli v. Pickels, Case No.

05-12-01390 (5th Dist.Ct.App. October 23, 2014) citing, <u>Bolling v. Farmers Branch Independent School District</u>, 315 S.W.3d 893, 896-7 (Tex. App.-Dallas 2010, no pet.).

In <u>Berardinelli</u> and <u>Bolling</u>, the appellate court brought the defects in briefing to the attention of the pro se plaintiffs and they failed to cure those defects. Here, Appellant is an attorney and a law firm and even though they are appearing pro se, they should know better. They should not be given a second bite of the apple and the appeal should be dismissed because of these glaring omissions.

### PRAYER

The Appellee prays that its Motion to Dismiss is granted.

Respectfully submitted,

**TOTZ ELLISON & TOTZ, P.C.**

By: _____
    **ANDREW B. TOTZ**
    SBOT #24004958
    2211 Norfolk, Suite 510
    Houston, TX 77098
    Phone: 713/275-0305
    Fax: 713/275-0306

**ATTORNEYS FOR APPELLEE,
AMERICAN ASSET FINANCE, L.L.C.**

## Certificate of Compliance

I hereby certify that this Motion was typed in Microsoft Word and contains 2045 words in this brief is less than 14,000 words and therefore it complies with Texas Rules of Appellate Procedure.

_____

ANDREW B. TOTZ

## CERTIFICATE OF SERVICE

I certify that a copy of the Appellee's Brief in Support of its Motion to Dismiss along with the Affidavits in support of the Motion were served on Appellant Debra V. Jennings (Debra Jennings, P.L.L.C.), whose address is 6140 HWY 6, #269, Missouri City, Texas, 77459, whose fax number is 1-832/442-3700, by facsimile on June 12, 2015.

_____

ANDREW B. TOTZ

## CERTIFICATE PURSUANT TRAP RULE 10.1(5)

| | | |
|---|---|---|
| DEBRA V. JENNINGS ESQ. AND | § | IN THE COURT OF APPEALS |
| DEBRA V. JENNINGS, P.L.L.C., | § | FOURTEENTH DISTRICT OF TEXAS |
|     Appellants, | § | AT HOUSTON, TEXAS |
| | § | |
| V. | § | |
| | § | |
| | § | ON APPEAL FROM COUNTY COURT |
| | § | AT LAW NO. 4 OF HARRIS COUNTY, |
| AMERICAN ASSET FINANCE, LLC, | § | TEXAS, TRIAL CAUSE NO. 1030758 |
|     Appellee. | § | AND 1030758-401 |
| | § | |

## AFFIDAVIT OF TIMOTHY J. FOLEY

| | |
|---|---|
| THE STATE OF NEW JERSEY | } |
| | } |
| COUNTY OF PASSAIC | } |

BEFORE ME, the undersigned authority, on this day personally appeared Timothy J. Foley, who, being by me duly sworn, on oath stated:

1.     I am the Managing Member of American Asset Finance, LLC, Appellee in this cause. I have personal knowledge of the facts stated in this affidavit. They are true and correct. I am authorized to make this Affidavit on behalf of American Asset Finance, LLC.

2.     American Asset Finance, LLC, owns a Final Judgment against Debra V. Jennings, Esq. and Debra V. Jennings, P.L.L.C., Debtors/Appellants. The Final Judgment was initially entered on May 25, 2012, in the Superior Court of New Jersey, Law Division, Passaic County. (Exhibit 1.)

3.     On or about February 20, 2015, Appellants moved in the Superior Court of New Jersey, Law Division, Passaic County, to vacate the Final Judgment. By Order dated April 13, 2015, the court denied Appellants' motion to vacate as, among other things, untimely. (Exhibit 2.)

4.   The Final Judgment was domesticated in County Court at Law No. 4 of Harris County, Texas, on April 22, 2013. (Exhibit 3.) The judgment is valid and subsisting, and a supersedeas bond has not been approved and filed to suspend execution of the judgment.

_____
Timothy J. Foley

SIGNED AND SWORN TO before me on ___6/9___, 2015.

_____
Sherry L. Foley, Esq.
Attorney-at-Law
State of New Jersey
Authorized to Administer Oaths
Pursuant to N.J.S.A. §§ 41:2-1 & 46:14-6.1

EXHIBIT 1

FOLEY & FOLEY
23 Deerbrook Lane
West Milford, NJ 07480
Phone (973) 304-6003
Counsel for Plaintiff

AMERICAN ASSET FINANCE, LLC,

    *Plaintiff,*

.v.

DEBRA V. JENNINGS, ESQ. and DEBRA
V. JENNINGS, P.L.L.C.,
    *Defendants.*

**FILED**

MAY 2 5 2012

TAXED

GARRY S. ROTHSTADT, J.S.C.

J-145093-12

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: PASSAIC COUNTY

DOCKET NO. PAS-L-704-12

CIVIL ACTION

**ORDER OF FINAL JUDGMENT
BY DEFAULT**

THIS MATTER being opened to the Court by plaintiff American Asset Finance, LLC

(AAF), by and through its counsel, Foley & Foley, for entry of a final judgment in favor of AAF

and against defendants Debra V. Jennings, Esq. and Debra V. Jennings, P.L.L..C., on notice to

said defendants, and default having been entered as against said defendants on April 26, 2012,

and it appearing from the papers and evidence presented that plaintiff is entitled to such relief,

and for good cause shown, it is on the __25th__ day of _May_ , 2012,

ORDERED, that judgment is hereby entered in favor of American Asset Finance, LLC

and against defendants Debra V. Jennings, Esq. and Debra V. Jennings, P.L.L.C., jointly and

severally, in the amount of $29,029.95, with post-judgment interest at the prevailing rate from

the date of this Order. Plaintiff counsel to serve defendant with a copy of this
order w/ 10 days ... ... regular mail.

_____
Garry S. Rothstadt, JSC    , J.S.C.

F:\AP&F\Jennings\order.judgment.05.09.12.doc

I HEREBY CERTIFY THAT THE FOREGOING IS A
TRUE COPY OF AN ORIGINAL RECORDED IN MY
OFFICE

5/30/12

Clerk

_Vanessa Hendrickson_
Vanessa Hendrickson

# SUPERIOR COURT OF NEW JERSEY
## PASSAIC VICINAGE
77 Hamilton Street
Paterson, New Jersey 07505
(973) 247-8176 / Fax: (973) 247-8185



**MARIE L. FABER**
Trial Court Administrator

**VANESSA HENDRICKSON**
Civil Division Manager

**GLENN DE BLASIO**
Assistant Civil Division Manager

**RENITA MCKINNEY**
Assistant Civil Division Manager

## TAXED COSTS

DOCKET NUMBER : L _704-12_

JUDGMENT NUMBER: _____

CASE NAME: _Am Abr t_ VS. _Marino_
PLAINTIFF      DEFENDANT

COSTS OF : PLAINTIFF

ATTORNEY ALLOWANCE BY STATUTE:    40.00
FILING FEE TO CLERK (COMPLAINT)    200.00
SHERIFFS FEES FOR SERVICE :    _154.95_
OTHER FEES: (SPECIFY) _____

TOTAL COSTS:    $ _394.95_

DATE TAXED: _5/29/12_

ATTORNEY: _Boley_

CLERK OF SUPERIOR COURT
JENNIFER PEREZ

VANESSA HENDRICKSON
CIVIL DIVISION MANAGER

**EXHIBIT 2**

FORM C

(3)

DEBRA V. JENNINGS, ESQ. & PLLC
Your Name

6140 HWY 6, #269
Street Address

Missouri City, Texas 77459
Town, State, Zip Code

(832) 230-4455
Telephone Number

AMERICAN ASSEST FINANCE, L.L.C.
Plaintiff

vs.

DEBRA V. JENNINGS, ESQ AND PLLC
Defendant

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION

Passaic _____ County

Docket Number  pas-L-704-12

CIVIL ACTION
Order

FILED

APR 13 2015

THOMAS F. BROGAN, P.J.Cv.

This matter having been brought before the Court on Motion of (check one)
☐ plaintiff  ☒ defendant      for an Order (describe relief requested)

VOID THE DEFAULT JUDGMENT AND OR SET ASIDE THE DEFAULT JUDGMENT

and the Court having considered the matter and for good cause appearing,

It is on this __13__ day of ~~February~~ , 20__15__
ORDERED as follows:

_applicat is denied. This motion is untimely and does not provide a basis under R4:50-1(b)n_

_____ , J.S.C.
Thomas F. Brogan, P.J.Cv.

☒ opposed

☐ unopposed

**EXHIBIT 3**





2 PGS    2014028614

AJ

## ABSTRACT OF JUDGMENT
## OFFICE OF STAN STANART
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

88376

DOCKET NO: 1030758

| | |
|---|---|
| County Civil Court<br>At Law No. Four (4)<br>Harris County, Texas<br>Mar/Apr Term, 2013 | AMERICA ASSET FINANCE, LLC<br><div align="right">PLAINTIFFS</div><br>VS<br>DEBRA V. JENNINGS ETAL<br><div align="right">DEFENDANTS</div> |

**PLAINTIFFS IN JUDGMENT:** America Asset Finance, LLC
**PLAINTIFFS ADDRESS:** c/o TOTZ ELLISON & TOTZ PC
2211 NORFOLK SUITE 510; HOUSTON, TEXAS 77098
**DEFENDANTS IN JUDGMENT:** Debra V. Jennings, Esq. and Debra V. Jennings; P.L.L.C., jointly and severally
6140 Highway 6 #269
Missouri City, TX 77459-3802

Date of Judgment: <u>April 22, 2013</u>
Amount of Judgment: $ <u>29,029.95</u>      Attorneys fees: $ <u>0.00</u>      Total: $ <u>29,029.95</u>
Rate of Interest: <u>post-judgment interest at the prevailing rate from the date of this Order</u>
Amount of Costs: $ <u>215.00</u>      Amount of Credits: $<u>N/A</u>
Balance Due on Judgment & Costs: $<u>Full Amount</u>
Date Citation Served: <u>N/A</u>
Name Served:
Address:
Drivers License No: N/A      Date of Birth: N/A      Social Security No.: N/A

---

STATE OF TEXAS          COUNTY OF HARRIS

THIS CERTIFIES that the above and foregoing is a true and correct Abstract of Judgment rendered in said term in said Styled and Numbered Case as appears from the minutes of said Court, under DOCUMENT ID NO. <u>CCCL-2013-142786</u>

WITNESS MY HAND AND SEAL OF COURT ON <u>March 13, 2014</u>.

STAN STANART, County Clerk
County Civil Court at Law No. Four (4)
Harris County, Texas

*Ashley N. Shapiro*
Ashley N. Shapiro
Deputy County Clerk

TOTZ ELLISON & TOTZ PC
2211 NORFOLK SUITE 510
HOUSTON, TEXAS 77098

Form No. H-01-47 (Rev. 09/01/2011)                Page 1 of 1

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS

*Dianne Wilson*

Dianne Wilson, County Clerk
Fort Bend County, Texas
March 28, 2014   12:40:15
FEE: $11.00 KA
AJ

2014028614

# AFFIDAVIT ANDREW TOTZ

STATE OF TEXAS

COUNTY OF HARRIS

The undersigned Affiant appeared before me, was sworn, and stated:

"I am Appellee's counsel in this cause (No. 14-14-00860-CV). The Judge in Cause No. 1030758 granted a Turnover/Receivership order on September 17, 2014, see Exhibit 1. Affiant has personal knowledge of the matters stated herein."

_____
ANDREW TOTZ     (Affiant)

SUBSCRIBED AND SWORN TO, before me on this 12th day of June, 2015.

NOTARY PUBLIC IN AND FOR
THE STATE OF T E X A S

Cause No. 1030758 -401

| | | |
|---|---|---|
| AMERICAN ASSET FINANCE, LLC | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. FOUR (4) |
| | § | |
| DEBRA V JENNINGS, ESQ. and DEBRA V. | § | HARRIS COUNTY, TEXAS |
| JENNINGS, P.L.L.C. | § | |



## ORDER APPOINTING RECEIVER AND ORDER OF REFERENCE

CAME ON to be heard the Application for Turnover After Judgment of AMERICAN ASSET FINANCE, LLC whereupon, the Court's review of the papers herein on file, became of the opinion that a Receiver should be appointed to take possession of and sell the assets of DEBRA V JENNINGS, ESQ. and DEBRA V. JENNINGS, P.L.L.C.;

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED by this Court that RECEIVER: **Michael Stein**, Address: **713-655-1000**; PHONE: _____; FAX: _____, be, and he is hereby, appointed Receiver in this case pursuant to the Texas Turnover Statute with the power and authority to take possession of all non-exempt property, real and personal, of Respondents, DEBRA V JENNINGS, ESQ. and DEBRA V. JENNINGS, P.L.L.C.including, but not limited to: (1) all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of the Respondents; (2) all financial accounts (bank accounts), certificates of deposit, money market accounts, accounts held by any third-party; (3) all securities; (4) all real property, equipment, vehicles, boats and, planes; (5) all safety deposit boxes or vaults; (6) all cash; (7) all negotiable instruments, including promissory notes, drafts and checks; (8) causes of action or choses of action; (9) contract rights whether present or future; (10) accounts receivable; and that all such property shall be held in custodia legis of said Receiver as of the date of this Order; (11) the right to sell, lease or license a patent; (12) the exclusive right, power and authority to vote any shares of stock, partnership interests or other business interests of Respondent; (13) the exclusive power and authority to make, vote or sign any orders, or minutes or resolutions of directors authorizing any action of Respondent requiring such resolution or signed minutes by Respondent's operating agreement, partnership agreement, bylaws or other such agreement; (14) the authority and power but

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 9/23/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
**Huong N. Tran**



PLAINTIFF'S
EXHIBIT
1

not the obligation to manage all businesses and affairs of the Respondent; and (15) the right, power and authority to hire any person or company necessary to accomplish any right or power granted by this Order.

It is further **ORDERED** that all third-parties in possession, or constructive possession, of assets, including, but not limited to cash and funds on deposit, documentation, property or information regarding Respondents, shall turnover or make available for turnover to the Receiver, said assets, including, but not limited to cash and funds on deposit, documentation, property or information; within a reasonable time; upon request from the Receiver and within the requirements of this Order Appointing Receiver and Order of Reference. Any information, documentation or financial information provided to the Receiver of a confidential nature shall not be disclosed or released by the Receiver unless necessary to carry out the intent of this Order. Should any third-party referenced herein fail to comply with this Order, the Court may impose the appropriate sanctions provided for by the Texas Rules of Civil Procedure after the proper application therefore, with notice and opportunity for hearing granted to any interested or affected party.

Respondent is Respondents hereby **ORDERED** to immediately turnover to the Receiver within ten (10) days from Respondents receipt of a copy of this Order the documents contained on Exhibit 1 attached hereto, together with all documents and financial records which may be requested by the Receiver.

Respondents arehereby **ORDERED** to turnover to the above-named Receiver at the address stated above, within ten (10) days of Respondents' receipt of a copy of this Order, all checks, cash, securities (stocks and bonds), promissory notes, documents of title and contracts owned by or in the name of Respondents.

Respondents are hereby **ORDERED** to continue (until the Judgment in this cause is fully paid and/or settled, including Receiver's fees) to turnover to the Receiver at the Receiver's address all checks, cash, securities, promissory notes, documents of title and contracts within ten (10) days from Respondents' receipt and possession of such property, if, as and when Respondents becomes in receipt and possession of any such property.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 9/23/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Huong N. Tran



The Receiver is hereby authorized to take all action necessary to gain access to all storage facilities, safety deposit boxes, real property, leased premises wherein any property of Respondents may be situated.

In addition to the powers of the Receiver set forth herein, the Receiver shall have the following rights, authority and powers with respect to the Defendant's property: (1) the right, authority and power to collect all accounts receivable of Defendant; (2) the right, authority and power to change locks to all premises at which any property is situated; (3) the right, authority and power to endorse and cash all checks and negotiable instruments payable to Defendant; (4) the right, authority and power to have a Constable or Sheriff sell any real property and mineral interest belonging to the Defendant; (5) the right, power and authority to hire any person or company to move and store the property of Defendant; (6) the right, authority and power (but not the obligation) to insure any property belonging to the Defendant; (7) the right, power and authority to obtain from any financial institution, bank, credit union, or savings and loan any financial records belonging to or pertaining to the Defendant; (8) the right, power and authority to hire any person or company necessary to accomplish any right or power under this Order; (9) the right, power and authority to liquidate any and all financial accounts belonging to or in the name of Defendant; and (10) the right, power and authority to commence, maintain, settle and control any cause of action which Defendant has the right to commence, maintain, settle or control.

Any Sheriff, Constable or Peace Officer, and their deputies, are hereby directed and ordered to assist the Receiver carrying out his duties and exercising his powers hereunder and prevent any person from interfering with the Receiver in taking control and possession of the property of Respondents. The Receiver is authorized to direct any Constable, Sheriff or authorized Peace Officer to seize and sell property under Writ of Execution.

It is further **ORDERED** that the Receiver and all persons acting under the direction of the Receiver shall be immune from liability for all actions taken by them to the extent such actions are permitted by this Order.

**NOTICE TO THIRD PARTIES:** YOU ARE HEREBY NOTIFIED THAT THE

Confidential Information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 9/23/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Huong N. Tran



RECEIVER, TO THE EXCLUSION OF THE DEFENDANT, IS THE PARTY ENTITLED TO POSSESS, SELL, LIQUIDATE AND OTHERWISE DEAL WITH DEFENDANT'S NON-EXEMPT REAL AND PERSONAL PROPERTY. ONCE YOU HAVE RECEIVED NOTICE OF THIS ORDER, YOU MAY BE SUBJECT TO LIABILITY SHOULD YOU RELEASE ANY PROPERTY TO THE DEFENDANT, UNLESS OTHERWISE DIRECTED BY THE RECEIVER OR THIS COURT.

It is further, **ORDERED** that the above-named Receiver is DIRECTED and AUTHORIZED to pay to himself as Receiver's fees, an amount equal to 25% of the total amount coming into his possession; which shall be taxed as costs against the Defendant; which the Court finds is a fair, reasonable and necessary fee for the Receiver; and to distribute all remaining proceeds to the attorney for the Plaintiff, as Trustee, without the requirement of an Order therefore. No Receiver's fees exceeding 25% of the total amount coming into his possession shall be paid to the Receiver unless an Application is filed with and ruled upon by this Court, with notice and opportunity for hearing granted to Plaintiff and Respondents, and an Order is signed approving said fee application. All Receiver's fees will be taxed as costs against the Defendant(s)/Respondent(s).

It is further, **ORDERED** that any postage, travel expenses or other expenses and costs reasonably and necessary incurred in carrying out the terms of this Order of the Court may be taxed against the Defendant as costs, and may be collected by the Receiver from the Defendant which shall be in addition to those sums and amounts provided for in the judgment.

It is further, **ORDERED** that Applicant have and recover of and against Respondents, Judgment in the sum of $500.00 for additional attorney's fees;

The Receiver is ordered to post bond in the amount of $100.00 payable to this Court and conditioned upon his faithful discharge of his duties in accordance with this Order. The Receiver is further ordered to take the oath of office.

SIGNED, this __17__ day of ___Sept___ 2014.

JUDGE PRESIDING

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 9/23/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Huong N. Tran

APPROVED AS TO FORM AND SUBSTANCE:

TOTZ ELLISON & TOTZ, P.C.

By: _____

ANDREW B. TOTZ
TBA # 24004958
2211 Norfolk, #510
Houston, Texas 77209
Phone: 713-275-0305
Fax: 713-275-0306

ATTORNEYS FOR PLAINTIFF



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order Appointing Receiver and Order of Reference was forwarded to Defendant, via certified mail, return receipt requested and regular mail on this ___ day of July, 2014, addressed as follows:

*Via Regular Mail*
Debra V. Jennings
Debra V. Jennings, P.L.L.C.
14090 Southwest Freeway, Suite 300
Sugar Land, TX 77478

_____
ANDREW B. TOTZ

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 9/23/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Huong N. Tran



## DOCUMENTS TO BE PRODUCED

1. The most recent bank statements from any and all banks and Savings and Loan Associations.

2. Titles and bills of sale to all automobiles, airplanes, boats, motorcycles, trailers, trucks, and other such vehicles owned by Respondents for the past two years.

3. Stock certificates, bonds or other securities owned by Respondents in privately held or publicly traded companies or institutions for the past two years.

4. Receipts for office furniture and all other personal property owned by Respondents for the past two years.

5. All deeds for real estate in which Respondents or owned any interest for the past two years.

6. All residential and commercial leases to which Respondents a party or has been a party.

7. Any and all certificates of deposit or money market certificates owned by Respondents for the past two years.

8. Any and all promissory notes payable in whole or in part to Respondents for the past two years.

9. Any and all minute books, ledger, corporate records and resolutions pertaining to Respondents.

10. Respondents'federal tax return for the past two years.

11. Any and all assumed name certificates under which Respondents do business.

12. Respondents' most recent balance sheet.

13. Respondents' most recent financial statement.

14. All documents evidencing a transfer of Respondents' property for the past four years.

15. Any and all contracts to which Respondents are a party or under which Respondents have any present or future rights.

### EXHIBIT 1

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 9/23/2014
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Huong N. Tran



# EXHIBIT C

FILE COPY



**FOURTEENTH COURT OF APPEALS**
**301 Fannin, Suite 245**
**Houston, Texas 77002**

Wednesday, May 20, 2015

**RE:    Case No. 14-14-00860-CV**

Style: Debra V. Jennings, Esq. and Debra V. Jennings, P.L.L.C.
    v. American Asset Finance, L.L.C.

     Please be advised that on this date the Court **GRANTED APPELLEE'S** motion to extend time to file their brief in the above cause, time extended to and including **Friday, June 12, 2015.**

T. C. Case # 1030758-401                     Christopher Prine, Clerk

                    Andrew Bennett Totz
                    Totz, Elliison & Totz
                    2211 Norfolk, Suite 210
                    Houston, TX   77098
                    *DELIVERED VIA E-MAIL*



**FOURTEENTH COURT OF APPEALS**
**301 Fannin, Suite 245**
**Houston, Texas 77002**

Wednesday, May 20, 2015

**RE:    Case No. 14-14-00860-CV**

Style: Debra V. Jennings, Esq. and Debra V. Jennings, P.L.L.C.
    v. American Asset Finance, L.L.C.

     Please be advised that on this date the Court **GRANTED APPELLEE'S** motion to extend time to file their brief in the above cause, time extended to and including **Friday, June 12, 2015.**

T. C. Case # 1030758-401                     Christopher Prine, Clerk

                    Debra Vera  Jennings
                    Law Office of Debra Vera Jennings
                    6140 Highway 6
                    #269
                    Missouri City, TX   77459
                    *DELIVERED VIA E-MAIL*

# EXHIBIT D

STATE OF TEXAS     §
                           §
COUNTY OF HARRIS  §

## <u>AFFIDAVIT OF DEBRA V. JENNINGS</u>

BEFORE ME, the undersigned authority, on this date personally appeared Debra V. Jennings, who upon oath did depose and state as follows:

My name is Debra Jennings. I am over the age of eighteen (18) years of age and of sound mind and I am competent to make this affidavit. Every statement contained herein is true and correct and based on my personal knowledge. The personal knowledge was acquired during the telephone conference.

Today, at approximately 11:15 am, I called the Clerk's office for the 14th Court of Appeals in a 3-way call with Stuart Starry (Tex. State Bar No. 19079050) and Mr. Starry and I asked the Clerk a number of questions relating to the unique procedural state of affairs of this case. We informed the Clerk that an "Appellee's Brief in Support of Motion to Dismiss Appeal" was filed on the June 12, 2015 and that the "Motion to Dismiss" was filed on June 18, 2015. The clerk informed us that the document filed on June 12, 2014 was being treated as the Appellee's Brief on the Merits and that Appellant's reply brief was due 20 days from June 12. The clerk also

1

informed us that the "Motion to Dismiss" was to be treated as a separate filing and she was unable to inform us of when the Court of Appeals would rule on the "Motion to Dismiss." We informed the clerk that Texas Rule of Appellate Procedure 10 did not allow a ruling on such a motion until 10 days had passed from the date of the filing, and she indicated such an interpretation may be true, but that she did not know the answer and that we would have to take it up with the Court.

Debra V. Jennings

SWORN AND SUBSCRIBED BEFORE ME on this 22nd day of June, 2015.

Notary Public of Texas

LANEASE FULLER
Print Name

11-28-2015
My Commission Expires

2

# EXHIBIT E

# CASE:
# 14-14-00860-CV

**DATE FILED:**

10/23/2014

**CASE TYPE:**

UNKNOWN CIVIL CASE TYPE.

**STYLE:**

DEBRA V. JENNINGS, ESQ. AND DEBRA V. JENNINGS, P.L.L.C.

**V.:**

AMERICAN ASSET FINANCE, L.L.C.

**ORIG PROC:**

NO

**TRANSFER FROM:**

**TRANSFER IN:**

**TRANSFER CASE:**

**TRANSFER TO:**

**TRANSFER OUT:**

**PUB SERVICE:**

## APPELLATE BRIEFS

| DATE | EVENT TYPE | DESCRIPTION | DOCUMENT |
|---|---|---|---|
| 06/12/2015 | BRIEF FILED - ORAL ARGUMENT NOT REQUESTED | APPELLEE | BRIEF [ PDF/1.10 MB ]<br>NOTICE [ PDF/92 KB ] |
| 04/21/2015 | BRIEF FILED - ORAL ARGUMENT REQUESTED | APPELLANT | BRIEF [ PDF/835 KB ]<br>NOTICE [ PDF/92 KB ] |
| 04/21/2015 | BRIEF RETURNED FOR NON-COMPLIANCE WITH T.R.A.P. | APPELLANT | NOTICE [ PDF/65 KB ] |

## CASE EVENTS

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|---|---|---|---|---|
| 06/18/2015 | MOTION TO DISMISS FILED | APPELLEE | | MOTON<br>[ PDF/120 KB ] |
| 06/15/2015 | MOTION TO FILE AMENDED BRIEF FILED | APPELLANT | | MOTION<br>[ PDF/69 KB ] |
| 06/15/2015 | MOTION FOR EXTENSION OF TIME TO FILE RESPONSE FILED | APPELLANT | | MOTION<br>[ PDF/64 KB ] |
| 06/15/2015 | DOCUMENT RETURNED | ATTORNEY | | NOTICE<br>[ PDF/65 KB ] |
| 06/12/2015 | BRIEF FILED - ORAL ARGUMENT NOT REQUESTED | APPELLEE | | BRIEF<br>[ PDF/1.10 MB ]<br>NOTICE<br>[ PDF/92 KB ] |

| Date | Event | Party | Status | Document |
|------|-------|-------|--------|----------|
| 06/12/2015 | CASE READY TO BE SET | | | |
| 06/12/2015 | APPELLEES BRIEF DUE | | | |
| 06/10/2015 | MOTION TO COMPEL FILED | APPELLEE | | MOTION [ PDF/225 KB ] |
| 06/10/2015 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF DISPOSED | APPELLEE | GRANTED | NOTICE [ PDF/94 KB ] |
| 06/10/2015 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF FILED | APPELLEE | | MOTION [ PDF/119 KB ] |
| 05/21/2015 | APPELLEES BRIEF DUE | | | |
| 05/20/2015 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF DISPOSED | APPELLEE | GRANTED | NOTICE [ PDF/94 KB ] |
| 05/20/2015 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF FILED | APPELLEE | | MOTION [ PDF/70 KB ] |
| 04/21/2015 | BRIEF FILED - ORAL ARGUMENT REQUESTED | APPELLANT | | BRIEF [ PDF/835 KB ] NOTICE [ PDF/92 KB ] |
| 04/21/2015 | BRIEF RETURNED FOR NON-COMPLIANCE WITH T.R.A.P. | APPELLANT | | NOTICE [ PDF/65 KB ] |
| 04/20/2015 | APPELLANTS BRIEF DUE | | | |
| 03/19/2015 | ORDER ENTERED | | | ORDER [ PDF/82 KB ] NOTICE [ PDF/92 KB ] |

| Date | Event | Party | | Document |
|---|---|---|---|---|
| 02/27/2015 | APPELLANTS BRIEF DUE | | | |
| 02/02/2015 | RESPONSE DUE | APPELLANT | | |
| 02/02/2015 | CLERKS RECORD DUE | COUNTY CLERK | | |
| 01/28/2015 | CLERKS RECORD FILED | APPELLANT | | NOTICE [ PDF/105 KB ] |
| 01/16/2015 | NO PAYMENT ARRANGEMENTS MADE WITH TRIAL COURT CLERK FOR RECORD | APPELLANT | | NOTICE [ PDF/93 KB ] |
| 01/16/2015 | LETTER FILED | COUNTY CLERK | | LETTER [ PDF/103 KB ] |
| 01/16/2015 | NOTICE OF LATE RECORD | COUNTY CLERK | | NOTICE [ PDF/92 KB ] |
| 01/15/2015 | CLERKS RECORD DUE | | | |
| 01/15/2015 | RECORD DUE | | | |
| 12/03/2014 | DOCKETING STATEMENT FILED | APPELLANT | | DOCKETING STATEMENT [ PDF/2.62 MB ] |
| 11/20/2014 | REPORTERS RECORD FILED | APPELLANT | | NOTICE [ PDF/99 KB ] |
| 11/17/2014 | FEE PAID | APPELLANT | | |
| 11/17/2014 | RESPONSE DUE | APPELLANT | | |
| 11/10/2014 | DOCKETING STATEMENT DUE | APPELLANT | | |
| 11/10/2014 | MEDIATION DOCKETING STATEMENT DUE | APPELLEE | | |
| 11/05/2014 | PAST DUE COURT FEE NOTICE | APPELLANT | | NOTICE [ PDF/106 KB ] |
| 11/03/2014 | COURT FEE DUE | APPELLANT | | |

| | | | | |
|---|---|---|---|---|
| 10/28/2014 | COURT REPORTERS NOTICE TO COURT REGARDING STATUS OF RECORD | COURT REPORTER | | INFORMATION SHEET [ PDF/187 KB ] |
| 10/24/2014 | LETTER ISSUED BY THE COURT | COURT REPORTER | | NOTICE [ PDF/99 KB ] |
| 10/24/2014 | LETTER ISSUED BY THE COURT | BOTH PARTIES | | NOTICE [ PDF/92 KB ] |
| 10/23/2014 | CASE BEGAN IN COURT OF APPEALS | | | LETTER OF ASSIGNMENT [ PDF/470 KB ] |
| 10/16/2014 | MOTION FOR NEW TRIAL WAS FILED IN THE TRIAL COURT | | | |
| 10/16/2014 | NOTICE OF APPEAL FILED IN TRIAL COURT | | | |
| 09/17/2014 | JUDGMENT SIGNED BY TRIAL COURT JUDGE | | | |

## CALENDARS

| SET DATE | CALENDAR TYPE | REASON SET |
|---|---|---|
| 06/10/2015 | MOTION | MOTION TO COMPEL |
| 06/12/2015 | AT ISSUE | AT ISSUE |
| 06/15/2015 | MOTION | MOTION TO AMEND BRIEF |
| 06/15/2015 | MOTION | EXTENSION OF TIME TO FILE RESPONSE OR REPLY |
| 06/18/2015 | MOTION | MOTION TO DISMISS |

## PARTIES

| PARTY | PARTYTYPE | REPRESENTATIVE |
|---|---|---|
| DEBRA V. JENNINGS, ESQ. AND DEBRA V. JENNINGS, P.L.L.C. | APPELLANT | DEBRA VERA JENNINGS |
| AMERICAN ASSET FINANCE, L.L.C. | APPELLEE | ANDREW BENNETT TOTZ |

## TRIAL COURT INFORMATION

**COURT:**

CO CIVIL CT AT LAW NO 4

**COUNTY:**

HARRIS

**COURT JUDGE:**

HONORABLE JUDGE, COUNTY CIVIL COURT AT LAW NO. 4

**COURT CASE:**

1030758-401

**COURT REPORTER:**

KAREN S. BERNHARDT

**PUNISHMENT:**

# EXHIBIT F

FILE COPY



**FOURTEENTH COURT OF APPEALS**
**301 Fannin, Suite 245**
**Houston, Texas 77002**

Friday, June 12, 2015

**RE:     Case No. 14-14-00860-CV**

Style: Debra V. Jennings, Esq. and Debra V. Jennings, P.L.L.C.
   v. American Asset Finance, L.L.C.

     Please be advised that on this date **APPELLEE'S** brief was received and filed, **ORAL ARGUMENT WAIVED**. Appellant's reply brief, if any, will be due twenty (20) days from today's date.

T. C. Case # 1030758-401                         Christopher Prine, Clerk

                    Andrew Bennett Totz
                    Totz, Elliison & Totz
                    2211 Norfolk, Suite 210
                    Houston, TX  77098
                    *DELIVERED VIA E-MAIL*



**FOURTEENTH COURT OF APPEALS**
**301 Fannin, Suite 245**
**Houston, Texas 77002**

Friday, June 12, 2015

**RE:     Case No. 14-14-00860-CV**

Style: Debra V. Jennings, Esq. and Debra V. Jennings, P.L.L.C.
   v. American Asset Finance, L.L.C.

     Please be advised that on this date **APPELLEE'S** brief was received and filed, **ORAL ARGUMENT WAIVED**. Appellant's reply brief, if any, will be due twenty (20) days from today's date.

T. C. Case # 1030758-401                         Christopher Prine, Clerk

                    Debra Vera  Jennings
                    Law Office of Debra Vera Jennings
                    6140 Highway 6
                    #269
                    Missouri City, TX  77459
                    *DELIVERED VIA E-MAIL*

# EXHIBIT G



| AMERICAN ASSET FINANCE, L.L.C., | § § § § § | IN THE COUNTY COURT OF |
|---|---|---|
| | § | AT LAW NO. FOUR (4) |
| VS. | § § § § | |
| DEBRA V. JENNINGS, ESQ. AND DEBRA V. JENNINGS, P.L.L.C. | § | HARRIS COUNTY, TEXAS |

## <u>AFFIDAVIT OF DEBRA V. JENNINGS ESQ. AND DEBRA V. JENNINGS, P.L.L.C.</u>

BEFORE ME, the undersigned authority personally appeared Debra Jennings, known to me to be the person whose name is subscribed in the foregoing instrument and acknowledge to me that she executed the same. I am of sound mind and over the age of 18 years old. I have never been convicted of a felony and I am fully competent to testify. I have personal knowledge of the facts stated in this affidavit and the facts stated herein are true and correct.

On or about August 5, 2014, I appeared in court on a hearing regarding an Application for Turnover and for the Appointment of a Receiver. (See, Exhibit #2 Hearing transcript). The court recessed the hearing to take place

1

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 1,030,758-401

| AMERICAN ASSET FINANCE, L.L.C. | ) IN THE COUNTY CIVIL COURT |
| vs. | ) AT LAW NUMBER FOUR (4) |
| DEBRA V. JENNINGS, ESQ. and DEBRA V. JENNINGS, P.L.L.C. | ) HARRIS COUNTY, T E X A S |

PLAINTIFF'S APPLICATION FOR TURNOVER AFTER JUDGMENT
AND FOR APPOINTMENT OF RECEIVER

On the 5th day of August, 2014, the following proceedings came on to be held in the above-entitled and numbered cause before the Honorable Roberta A. Lloyd, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

KAREN S. BERNHARDT, C.S.R.
(713) 368-6678

# EXHIBIT H

## CAUSE NO. 1030758-401

| | | |
|---|---|---|
| AMERICAN ASSET FINANCE, L.L.C., | § § § | IN THE COUNTY COURT OF |
| | § | AT LAW NO. FOUR (4) |
| VS. | § § § § | |
| DEBRA V. JENNINGS, ESQ. AND DEBRA V. JENNINGS, P.L.L.C. | § | HARRIS COUNTY, TEXAS |

## AFFIDAVIT OF DEBRA V. JENNINGS ESQ. AND DEBRA V. JENNINGS, P.L.L.C.

BEFORE ME, the undersigned authority personally appeared Debra Jennings, known to me to be the person whose name is subscribed in the foregoing instrument and acknowledge to me that she executed the same. I am of sound mind and over the age of 18 years old. I have never been convicted of a felony and I am fully competent to testify. I have personal knowledge of the facts stated in this affidavit and the facts stated herein are true and correct.

On or about August 5, 2014, I appeared in court on a hearing regarding an Application for Turnover and for the Appointment of a Receiver. (See, Exhibit #2 Hearing transcript). The court recessed the hearing to take place

1



on September 16, 2014. (See, Exhibit #2, page 16, Hearing transcript). I appeared in court, opposing counsel was not present, nor was the judge or any witness in the court. No hearing took place, no witness was present, no evidence offered in my case. The court coordinator advised me that nothing was on scheduled. I left the court. The court hearing schedule does not have my case on its docket for September 16, 2014 or any other day in September. My property consists of personal property and a vehicle which is all exempt property. I do not own any non-exempt property.

Days later, I learned the court signed orders Appointing a Receiver and turnover, affecting my rights without the recessed hearing of September 16, 2014 ever being conducted. (See, Ex. # 2 Hearing transcript)

The documents attached hereto are true and correct copies of the originals which were made on or about the times reflected therein and were maintained in the ordinary course of my business.

The statements contained herein are within my personal knowledge and belief and are true and correct.

Further, Affiant sayeth not.

SUBSCRIBED TO AND SWORN UNDER OATH on this 16th day of October, 2014.

_____
Debra Jennings

*Laweage M. Fuller*
Notary Public

My commission expires 11/28/2015

LAWEAGE D. FULLER
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
11-28-2015

2

| | | 09/19/2014 09:00 AM | Submission Motion | | |
|---|---|---|---|---|---|
| Four (4) | 1047475 | 09/19/2014 09:00 AM | Submission Motion | CINTAS-R US LP VS. BIG JOHN TRUCKING LLC | Parties |
| Four (4) | 1048984 | 09/19/2014 09:00 AM | Submission Motion | AMERICAN EXPRESS CENTURION BANK VS. JANET LYNNE HIGGINS | Parties |
| Four (4) | 972277-801 | 09/19/2014 09:00 AM | Hearing Motion | AT&T ADVTNG LP ETAL VS. COMERICA INCORPORATED | Parties |

# UNOFFICIAL COPY

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was
found to be inadequate for the best photographic
reproduction because of illegibility, carbon or
photo copy, discolored paper, etc. All blockouts,
additions and changes were present at the time
the instrument was filed and recorded.

# EXHIBIT I

*Law Offices of*
*Debra V. Jennings, P.L.L.C.*
*6140 HWY 6, # 269*
*Missouri City, Texas 77459*
*832-230-4455 or 4456*
*1832—442-3700 fax*
*Email: lawyerdvj@yahoo.com*

June 22, 2015

Mr. Joshua Alegria
Clerk of the County
Civil Court at Law
201 Caroline, 3rd Floor
Houston, Texas 77459

RE: Clerk's Record

RE: Cause No. 1030758-401 *American Asset Finance, L.L.C. v. Debra V. Jennings, Esq. and Debra V. Jennings, P.L.L.C.*, In the County Court at Law No. Four (4) of Harris County, Texas

Dear Mr. Alegria,

It has come to my attention that a number of documents which were filed in this cause were not included in the Clerk's Record filed with the 14th Court of Appeals in this matter.

I have identified the following documents as missing:

1. Motion to Stay and Protection, missing exhibits are:

#1, Affidavit of Timothy Foley dated Oct. 1, 2010;

# 2, Cancelled Check in the amount of $8,000 signed over to American Asset, Finance, L.L.C;

1

3. Order and Peititon for Approval of Settlement signed by Judge Kilgore in Mississippi;

4. County court at Law Number 4's hearing and submission schedule on 9/17/2015-9/19/2015

5. All Pleadings, orders and exhibits filed in County Court at Law #4, after January 28, 2015.

For your convenience I have attached copies of the documents requested from my file.  If you have trouble locating them, please contact me. Otherwise, I will expect that the Clerk's Record will be supplemented with the above listed documents within 10 days from the date of this letter.

Sincerely,

Debra Jennings

Enclosure

2

# EXHIBIT J

NO. 14-14-00860-CV

FILED IN
14th COURT OF APPEALS

JUN 15 2015

CHRISTOPHER A. PRINE
CLERK

YES  NO
PAID RECEIPT #_____
INDIGENT  YES  NO

IN THE COURT OF APPEALS

FOR THE FOURTEENTH DISTRICT

HOUSTON, TEXAS

DEBRA JENNINGS, ESQ. AND DEBRA JENNINGS, P.L.L.C..

Appellant,


v.


AMERICAN ASSET FINANCE, L.L.C.,

Appellee,


---

ON APPEAL FROM THE COUNTY CIVIL COURT AT LAW, COURT 4 OF HARRIS COUNTY, TEXAS; Cause No. 1030758 and 1030758-401

---

## MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S AMENDED AND/ OR SUPPLEMENTAL BRIEF

Appellant, Debra Jennings, P.L.L.C. and Debra Jennings Esq. files this motion for extension of time to file their Amended and/or Supplemental Brief and in support will show:

1. The current deadline for Appellant to file their Amended and Supplemental Brief in reply to the Appellee's Brief is on or about July 2, 2015.

2. Appellant requests a 21 day extension to file their reply brief as an Amended and Supplemental Brief to July 23, 2015.

3. Appellant, an attorney requires additional time to review all records and complete the research necessary to file a response to the Motion to dismiss. Currently, appellant is responding to a summary

1

judgment motion pending in federal court in Civil Action No. 3:13-cv-00456; *Robert Green v. Brazos port Independent School District*, In the United States District Court for the Southern District of Texas, Galveston, Division and will request leave of court to file a sur-reply to a summary judgment in Civil Action No. 4:14-cv-01086 *Ralph James v. Crate & Barrel, Inc.*, in the United States District Court for the southern District of Texas, Houston Division.

4. There have been no previous requests for extensions by appellant. A contemporaneous request for extension has been separately filed the same day this request is being made.

WHEREFORE, appellant requests the court to extend the time for filing of Appellant's reply brief: Amended and/ or Supplemental Brief to July 23, 2015 and grant Appellant all relief in law and equity to which it is entitled.

Respectfully submitted,

Debra V. Jennings

lawyerdvj@yahoo.com

6140 HWY 6, #269

Missouri City, Texas 77459

Telephone: (832) 230-4455

Facsimile: (1832) 442-3700

APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above extension of Time to File Amended or Supplemental Brief (Reply Brief) was served on Appellee through its counsel, via facsimile on the 15th day of June, 2015, as follows:

Via Facsimile No. 713-275-0306

Andrew B. Totz

2

22111 Norfolk, Suite 510

Houston, Texas 77098 2015, as follows:

*Via Facsimile No. 713-275-0306*

Andrew B. Totz

22111 Norfolk, Suite 510

Houston, Texas 77098

3

# EXHIBIT K

ACCEPTED
14-14-00860-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/10/2015 1:17:36 PM
CHRISTOPHER PRINE
CLERK

NO. 14-14-00860-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/10/2015 1:17:36 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON, TEXAS

DEBRA V. JENNINGS, ESQ. and DEBRA V. JENNINGS, P.L.L.C.
Appellant

v.

AMERICAN ASSET FINANCE, L.L.C.
Appellee

ON APPEAL FROM THE COUNTY COURT
LAW NO. FOUR OF HARRIS COUNTY, TEXAS
TRIAL CAUSE NO. 1030758-401

## APPELLE'S MOTION and REQUEST TO COMPEL APPELLANTS' TO TURNOVER EXHIBITS

Appellee, American Asset Finance, L.L.C., files this Motion to Compel Appellants' to Turnover Exhibits and in support say as follows:

1.     Appellants' filed their brief on April 21, 2015 and reference Exhibits but they are not attached to the Appellants' brief and the Appellant will not provide them to the Appellee, despite a request by mail, email and fax, see Exhibit 1.

WHEREFORE, Appellee requests the Court to Order the Appellants' to turnover said Exhibits within five (5) days from the date of this Motion and grant Appellee all other relief at law or in equity to which the court deems they may be justly entitled.

Respectfully submitted,

**TOTZ ELLISON & TOTZ, P.C.**

By: _____

**ANDREW B. TOTZ**
TBA # 24004958
2211 Norfolk, Suite 510
Houston, Texas 77098
Phone: 713-275-0305
Fax: 713-275-0306
Email: atotz@tetlegal.com

**ATTORNEYS FOR APPELLEE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above Motion to Compel Appellants' to Turnover Exhibits was served on Appellants' through its counsel, via facsimile on the 10 day of June, 2015, as follows:

**_Via Facsimile No. 1-832/442-3700_**
Debra V. Jennings
Debra V. Jennings, P.L.L.C.
14090 Southwest Freeway, Suite 300
Sugar Land, TX 77478

_____
ANDREW B. TOTZ

LAW OFFICES

# TOTZ ELLISON & TOTZ, P. C.

2211 Norfolk, Suite 510

Houston, Texas 77098

Andrew B. Totz
Email: atotz@tetlegal.com

Direct Dial: 713-275-0305
Direct Fax: 713-275-0306

June 3, 2015

**Via Fax 1-832-442-3700 and Email lawyerdvj@yahoo.com**
Debra V Jennings
Debra V Jennings, PLLC
6140 Hwy 6, #269
Missouri City, Tx 77459

RE:     **Case No. 14-14-00860-CV** – *Jennings vAmerican Asset finance, LLC.*    In the Court of
Appeals for the Fourteenth District, Houston, texas

Dear Ms. Jennings:

In your appellate brief, you certify that your brief "is supported by competent evidence included in the accompanying record and attached appendix." You further refer to "Exhibits" in your brief. Neither the record, the appendix nor the exhibits were supplied to us. Please forward those documents immediately. We cannot respond to your brief without them. Thank you.

Very truly yours,

ANDREW TOTZ

ABT/dl

PLAINTIFF'S
EXHIBIT

```
                    ********************
                    ***   TX REPORT   ***
                    ********************


    TRANSMISSION OK

    TX/RX NO              4050
    RECIPIENT ADDRESS     98324423700
    DESTINATION ID
    ST. TIME              06/03 10:02
    TIME USE              00'40
    PAGES SENT            1
    RESULT                OK
```

LAW OFFICES

# TOTZ ELLISON & TOTZ, P. C.

2211 Norfolk, Suite 510

Houston, Texas 77098

Andrew B. Totz
Email: atotz@tetlegal.com

Direct Dial: 713-275-0305
Direct Fax: 713-275-0306

June 3, 2015

**Via Fax 1-832-442-3700 and Email lawyerdvj@yahoo.com**
Debra V Jennings
Debra V Jennings, PLLC
6140 Hwy 6, #269
Missouri City, Tx 77459

RE:     **Case No. 14-14-00860-CV** – *Jennings vAmerican Asset finance, LLC.*    In the Court of
        Appeals for the Fourteenth District, Houston, texas

Dear Ms. Jennings:

In your appellate brief, you certify that your brief "is supported by competent evidence included in the accompanying record and attached appendix." You further refer to "Exhibits" in your brief. Neither the record, the appendix nor the exhibits were supplied to us. Please forward those documents immediately. We cannot respond to your brief without them. Thank you.

Very truly yours,

ANDREW TOTZ

LAW OFFICES
**TOTZ ELLISON & TOTZ, P.C.**
2211 NORFOLK, SUITE 510
**HOUSTON, TEXAS 77098**
**ADDRESS SERVICE REQUESTED**

**Hasler**
06/03/2015
**US POSTAGE**


*88376*

Debra V Jennings
Debra V Jennings, PLLC
6140 Hwy 6, #269
Missouri City, Tx 77459

| | |
|---|---|
| **From:** | Andrew Totz |
| **Sent:** | Wednesday, June 03, 2015 10:03 AM |
| **To:** | 'Debra Jennings' |
| **Subject:** | o=88376 AMERICAN ASSET FINANCE VS JENNINGS ET AL APPEAL |
| **Attachments:** | 4089_001.pdf |

Ms. Jennings-

As you know, we have not received a copy of your exhibits that were referenced in your brief. Please see the attached letter that requests the exhibits. The letter was also faxed and directed to you in the mail. I will await your immediate reply.

Andrew

Andrew Totz
Totz Ellison & Totz, P.C.
2211 Norfolk St., Suite 510
Houston, Texas 77098
Direct:(713)275-0305
Fax:(713)275-0306
Main:(713)275-0303
Email:atotz@tetlegal.com

# EXHIBIT L

ACCEPTED
14-14-00860-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/10/2015 1:16:26 PM
CHRISTOPHER PRINE
CLERK

NO. 14-14-00860-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/10/2015 1:16:26 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON, TEXAS

DEBRA V. JENNINGS, ESQ. and DEBRA V. JENNINGS, P.L.L.C.
Appellant

v.

AMERICAN ASSET FINANCE, L.L.C.
Appellee

ON APPEAL FROM THE COUNTY COURT
LAW NO. FOUR OF HARRIS COUNTY, TEXAS
TRIAL CAUSE NO. 1030758-401

## MOTION FOR EXTENSION OF TIME TO FILE APPELLE'S BRIEF

Appellee, American Asset Finance, L.L.C., files this motion for extension of time to file their brief and in support say as follows:

1.     The present deadline for Appellee to file their reply brief is June 12, 2015.

2.     Appellee requests a 21-day extension to file its reply brief to July 3, 2015. Additional time is necessary to prepare a brief.

3.     This Motion is made in good faith, and not merely for purposes of delay.

WHEREFORE, Appellee requests the court to extend the time for filing of their brief to July 3, 2015, and grant Appellee all other relief at law or in equity to which the court deems they may be justly entitled.

Respectfully submitted,

**TOTZ ELLISON & TOTZ, P.C.**

By: _____

**ANDREW B. TOTZ**
TBA # 24004958
2211 Norfolk, Suite 510
Houston, Texas 77098
Phone: 713-275-0305
Fax: 713-275-0306
Email: atotz@tetlegal.com

**ATTORNEYS FOR APPELLEE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above Motion for Extension of Time to File Appellee's Brief was served on Appellants' through its counsel, via facsimile on the ___ day of June, 2015, as follows:

***Via Facsimile No. 1-832/442-3700***
Debra V. Jennings
Debra V. Jennings, P.L.L.C.
14090 Southwest Freeway, Suite 300
Sugar Land, TX 77478

_____
ANDREW B. TOTZ

# EXHIBIT M



FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

JUN 15 2015

CHRISTOPHER A. PRINE
CLERK

NO. 14-14-00860-CV

IN THE COURT OF APPEALS **YES** NO **PAID** RECEIPT #_____

FOR THE FOURTEENTH DISTRICT INDIGENT **YES** NO

HOUSTON, TEXAS

DEBRA JENNINGS, ESQ. AND DEBRA JENNINGS, P.L.L.C.

Appellant,

v.

AMERICAN ASSET FINANCE, L.L.C.,

Appellee,

ON APPEAL FROM THE COUNTY CIVIL COURT AT LAW, COURT 4 OF HARRIS COUNTY, TEXAS; Cause No. 1030758 and 1030758-401

## MOTION FOR EXTENSION OF TIME TO FILE RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS

Appellant, Debra Jennings, P.L.L.C. and Debra Jennings Esq. files this motion for extension of time to file their Response in Opposition to the Motion to Dismiss and in support will show:

1. The current deadline for Appellant to file their response to the Motion to Dismiss is on or about June 22, 2015.

2. Appellant requests a 10 day extension to file their response to the motion to dismiss to July 2, 2015.

1

3. Appellant, an attorney requires additional time to review all records and complete the research necessary to file a response to the Motion to dismiss. Currently, appellant is responding to a summary judgment motion pending in federal court in Civil Action No. 3:13-cv-00456; *Robert Green v. Brazos port Independent School District*, In the United States District Court for the Southern District of Texas, Galveston, Division and will request leave of court to file a sur-reply to a summary judgment in Civil Action No. 4:14-cv-01086 *Ralph James v. Crate & Barrel, Inc.*, in the United States District Court for the southern District of Texas, Houston Division.

4. There have been no previous requests for extensions by appellant.

WHEREFORE, appellant requests the court to extend the time for filing of Appellant's Response in Opposition to the Motion to Dismiss to July 2, 2015 and grant Appellant all relief in law and equity to which it is entitled.

Respectfully submitted,

Debra V. Jennings

lawyerdvj@yahoo.com

6140 HWY 6, #269

Missouri City, Texas 77459

Telephone: (832) 230-4455

Facsimile: (1832) 442-3700

APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above extension of Time to File Response to the Motion to Dismiss was served on Appellee through its counsel, via facsimile on the 15th day of June, 2015, as follows:

*Via Facsimile No. 713-275-0306*

Andrew B. Totz

2

22111 Norfolk, Suite 510

Houston, Texas 77098